McCauley, J.
This case requires the determination of two questions: Did the levy of the executions create a lien on the wheat prior to the lien of the chattel mortgage of plaintiff in error ? And second, did the sheriff, by the sale of the wheat at private sale, lose or abandon his levy on it?
The wheat was levied upon on May 21st. At that time *574 the mortgage to Houk was on file in the township in which the property was. The statute, section 4151, required the mortgage to be on. file' in the township in which the mortgagor resided. This section of the statute provides that unless the mortgage shall be filed in the township in which the mortgagor resides, it shall be void as against the creditors of the mortgagor, subsequent purchasers and mortgagees in good faith. Under this provision, the mortgage not being on file with the clerk of the township where the mortgagor resided, it was void as to creditors. It has been held in Paine et al. v. Mason, 7 Ohio St., 199, that a subsequent mortgagee taking a mortgage with .actual notice and knowledge of a prior mortgage is not a mortgagee in good faith; and this case has been followed in two or three other cases. But the rule applicable to a mortgagee in good faith, is not,applicable to a general creditor. A mortgagee, may give credit solely upon the faith of the mortgage security, which, if taken in good faith, is valid. The lien created by it arises from the acts of the parties, while the lien Of a levy arises by operation of law. No question of good faith has anything to do with it.
The levy, therefore, being prior to the filing of the.mortgage in the proper township to create a valid lien on the wheat, is superior to it.
As to the sale of the wheat by the sheriff, there is nothing in the acts of the sheriff to indicate an intention to abandon the levies. He agreed to sell the wheat at private sale for cash on delivery; and before he received payment, for the wheat, it was taken in replevin by Houk, the mortgagee. A levy will not be lost except by some positive act showing an intention or willingness to part with the control of the property levied on, or for a neglect to enforce it for so long- a time as to indicate that it .has been purposely’ abandoned. Nothing of this kind occurred in this ease. While the attempt to sell the wheat at private sale was’’ irregular, it does not indicate a purpose on the part of the ‘ sheriff, or of those for whom he was acting, to abandon theJ property 'as 'a means of satisfying -the claims under’ which' it *575 was held. The contrary, however, appears. The sheriff sold the wheat at the request of the execution creditors, and for the purpose of paying their claims. The debtor, Plyly, the owner of the wheat, made no question that the sale was irregular. The mortgagee can get no advantage from the irregular sale, unless the irregularity went so far as to show a purpose to abandon the levy, or a degree of neglect to enforce it, inconsistent with a purpose to rely upon it, which, as already stated, does not appear.

Judgment affirmed.